UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC, | |
| Plaintiff(s), | |
| v. | |
| DEF, | |
| Defendant(s). | |

26-MC-287 (DEH)

ORDER

DALE E. HO, United States District Judge:

Plaintiffs have moved for leave to file certain documents under temporary seal.  ECF No. 4.  Plaintiffs also seek an ex parte Temporary Restraining Order enjoining the sale of products subject to the Plaintiffs' patent and restraining funds reasonably traceable to accused sales of the products.  For the following reasons, Plaintiffs' application for an ex parte Temporary Restraining Order is **DENIED without prejudice to re-pleading**.  Plaintiffs' request for leave to file certain documents under temporary seal is **GRANTED provisionally**.

### Application for Ex Parte Temporary Restraining Order

In order to obtain preliminary relief, "a plaintiff must make more than a prima facie showing of jurisdiction, and must instead demonstrate a reasonable probability of ultimate success on the issue of personal jurisdiction." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897, 2018 WL 2022626, at *2 (S.D.N.Y. Apr. 30, 2018) (internal quotation marks omitted).

Here, Plaintiffs have failed to adequately plead personal jurisdiction.  The Complaint alleges that "Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of New York and this district, through internet based e-

commerce stores accessible in New York and operating under their seller identification on

Amazon." ECF No. 4-15 ¶ 5 ("Compl.") The Complaint further alleges that Plaintiffs conducted

"test purchases of Defendants' goods," but their substantiating exhibit, ECF No. 4-16, only

demonstrates that Plaintiffs placed the allegedly infringing products in their Amazon cart, rather

than executing an actual purchase.

Under New York Civil Practice Law and Rule § 302(a)(1), a court may exercise personal

jurisdiction over any non-domiciliary who "transacts any business within the state or contracts

anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "[W]hile §

302(a)(1) does not require a shipment, it does require a transaction, such as . . . the payment of

money to the defendant by a New York resident in exchange for the defendant's contractual

promise to ship the allegedly infringing goods to New York. Thus, merely maintaining a

website—even a highly interactive e-commerce website—through which the defendant offer[s] a

product outside New York for sale in New York, is insufficient under § 302(a)(1)." *Off-White

LLC v. A&S Store, et al.*, No. 22 Civ. 2869, 2025 WL 4660796, at *6-7 (S.D.N.Y. Dec. 30, 2025)

(internal quotation marks and citations omitted); *cf Chloe v. Queen Bee of Beverly Hills, LLC*,

616 F.3d 158, 170-71 (2d Cir. 2010) (finding a highly interactive website sufficient, but noting

there were fifty-two actual transactions where merchandise was shipped to New York); *see also

Moose Toys Ltd v. Baby&Mommy K-ingdom Toy Store*, No. 21 Civ. 2370, 2025 WL 3466662, at

*7 (S.D.N.Y. Sep. 19, 2025) ("personal jurisdiction is not proper under § 302(a)(1)" where

defendants "listed products for sale on a third-party e-commerce platform, and customers are

able to advance to a checkout page and input a New York shipping address . . . but Plaintiffs do

not plead that they or anyone else completed a transaction for the allegedly infringing goods").

Plaintiffs have not alleged or provided any evidentiary basis for personal jurisdiction

beyond (1) the availability of online marketplaces to consumers in New York, and (2) the

2

existence of New York sales based on information and belief.  The former is insufficient to establish personal jurisdiction, for the reasons stated above.  As for the latter, such conclusory pleadings are insufficient.  *Cf Knapp v. Maron*, No. 14 Civ. 10121, 2016 WL 2851563, at \*2 (S.D.N.Y. May 12, 2016) ("Conclusory pleadings on information and belief are inadequate as a matter of law to survive a motion to dismiss.") (internal quotation marks omitted); *see also Alibaba Grp. Holding Ltd. v. Alibabacoin Foundation*, 2018 WL 2022626, at \*4 (S.D.N.Y. Apr. 30, 2018) (no evidence that a single sale of Alibabacoin occurred in New York or that the majority of visitors to the site were based in New York so as to establish a reasonable probability that at least one New York sale had occurred).

Accordingly, Plaintiffs' request for an ex parte Temporary Restraining Order must be denied.  The Court hereby **DENIES** Plaintiffs' application for an ex parte Temporary Restraining Order without prejudice as to re-pleading.

### Leave to File Documents Under Temporary Seal

Plaintiffs have moved for leave to file documents in connection with the application for ex parte Temporary Restraining Order under temporary seal based on the argument that public filing of the documents would provide Defendants with notice of the action, thereby enabling them to dissipate assets.  Because of the deficiencies in Plaintiff's allegations of personal jurisdiction, discussed *supra*, the Court reserves judgment on the second and third prong of the sealing inquiry.  The Court provisionally **GRANTS** Plaintiff's motion for leave to file documents under temporary seal pending adjudication of a re-briefed Motion for ex parte Temporary Restraining Order.

\*       \*       \*

For the aforementioned reasons:

Plaintiff's Motion for ex parte Temporary Restraining Order is **DENIED without prejudice as to re-briefing**.

Plaintiff's Motion for Leave to file documents under seal is **provisionally GRANTED** pending adjudication of a re-briefed Motion for ex parte Temporary Restraining Order.

The Clerk of Court is respectfully directed to terminate ECF No. 4.

SO ORDERED.

Dated: June 11, 2026
New York, New York

_____
DALE E. HO
United States District Judge
Part I Judge

4